SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
FOUR TIMES SQUARE
NEW YORK 10036-6522

FIRM/AFFILIATE OFFICES
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

DIRECT DIAL
212.735.2628
DIRECT FAX
917.777.2628
EMAIL ADDRESS
JAY.KASNER@SKADDEN.COM

May 23, 2016

BY ECF/EMAIL
Honorable Katherine Polk Failla
United States District Judge
United States District Court for the
Southern District of New York
40 Foley Square, Room 2103
New York, NY 10007

RE: *Stein v. Friedery*, No. 16 Civ. 2487 (S.D.N.Y.) (KPF)
– Letter Request for a Pre-Motion Conference

Dear Judge Failla:

We represent Defendants Flowserve Corporation and its Board of Directors. Pursuant to the Court's Individual Rules, we write to request a pre-motion conference so that the Court may consider Defendants' arguments in support of a comprehensive motion to dismiss Plaintiff's complaint. (ECF Dkt. No. 1). Plaintiff's counsel opposes this motion.

Shiva Stein – a serial plaintiff – asserts two derivative and two "direct" claims relating to Flowserve's 2015 Proxy Statement (the "2015 Proxy"). Plaintiff alleges that the 2015 Proxy's disclosures concerning the tax deductibility of compensation paid under Flowserve's 2010 Equity and Incentive Compensation Plan (the "EICP") violated Section 14(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(a), primarily because: (i) the Proxy purportedly did not provide the "approximate number" of persons eligible for awards and (ii) the alleged expiration of the annual incentive component of the EICP and the lack of shareholder re-approval for the long-term incentive component resulted in a plan that was not "effective." Plaintiff also alleges that any approval of awards made to officers and certain employees in 2015 or 2016 constituted a breach of fiduciary duty.

Bases for Dismissal

Dismissal is warranted for myriad reasons. First, Plaintiff's derivative claims fail because Plaintiff did not make a pre-suit demand on Flowserve's independent

board of directors. Nor has Plaintiff pled even a single particularized fact showing that demand should be excused as futile. *See Marx v. Akers*, 88 N.Y.2d 189, 198, 200-01 (1996).

The independence of Flowserve's directors is evident from Flowserve's publicly-filed materials. Plaintiff challenges annual and long-term incentive awards made under Flowserve's umbrella compensation plan, the EICP. But such awards are made only to employees, not to outside directors, and ten of Flowserve's eleven directors have no interest in those awards.[1] Further, § 162(m) deductions are only available for awards to "covered employees," defined as the CEO and Flowserve's next four highest paid executive officers. *See* 26 C.F.R. § 1.162-27(c)(2)(i).[2] Thus, none of Flowserve's ten outside directors have any "interest" in the deductibility issue. *See New Jersey Bldg. Laborers Pension Fund v. Ball*, 2014 WL 1018210, at *4-*5 (D. Del. March 13, 2014). Plaintiff also claims that demand is excused because the directors might face a threat of personal liability, an argument that New York courts have rejected. *See Wandel v. Eisenberg*, 60 A.D.3d 77, 80-81 (1st Dep't 2009).

Second, Plaintiff's derivative claims fail because Plaintiff impermissibly asserts direct claims against Flowserve. Generally, a plaintiff who asserts a direct claim against a corporation may not also assert a derivative claim. *See In re Bank of America Corp. Secs., Derivative, and ERISA Litig.*, 2010 WL 5248815, at *2-*3 (S.D.N.Y. Dec. 14, 2010). In addition, the Business Judgment Rule and Flowserve's exculpation clause protects Flowserve's directors against Plaintiff's derivative fiduciary duty claim. *See, e.g., In re Ampal-American Israel Corp.*, 543 B.R. 464, 473-74 (Bankr. S.D.N.Y. 2016); *see also Stern v. General Elec. Co.*, 924 F.2d 472, 476-77 (2d Cir. 1991).[3]

Plaintiff's self-described "direct" claims are also deficient. Among other failings, these claims should have been denominated as derivative as the complaint alleges that the corporation – not Plaintiff individually – has been injured as a result

---

[1] Although the EICP (¶ 6.9) permits Flowserve to make limited awards of Restricted Stock or Nonqualified Stock Options to outside directors, those awards have not been challenged here.

[2] Moreover, the Board is explicitly permitted to "adopt incentive arrangements and awards which do not qualify under Section 162(m)." *See* EICP ¶15.14.

[3] The EICP also protects directors from such liability. *See* EICP ¶ 15.3 ("No member of the Board . . . shall be personally liable for any action . . . taken or made in good faith with respect to the [EICP] . . . .").

of the alleged violations.[4] *See In re Caterpillar Inc. Derivative Litig.*, 2014 WL 2587479, at *13 (D. Del. June 10, 2014). Plaintiff has also failed to allege that she personally suffered an economic loss. *See Resnik v. Woertz*, 774 F. Supp. 2d 614, 632 (D. Del. 2011) (dismissing direct § 14(a) claim on Item 10(a)(1) omission because plaintiff did not allege actual economic injury).

Both derivative and "direct" claims should be dismissed for several additional reasons. First, because there were no misrepresentations or omissions in Flowserve's 2015 proxy – i.e., the EICP was (and is) Flowserve's governing umbrella compensation plan, is subject to shareholder approval and remains effective until 2020, and there was no expiration of any part of the EICP; Flowserve disclosed that its awards may not be deductible under § 162(m);[5] and the approximate number of eligible employee participants (18,000) was fully presented in the 10-K that was also provided to shareholders as part of the 2015 Proxy.[6] *See In re Marsh & McLennan Cos. Sec. Litig.*, 536 F. Supp. 2d 313, 323-24 (S.D.N.Y. 2007) (dismissing § 14(a) claim where annual report provided information). Of course, any claims based on disclosures that allegedly should have been provided in 2004, 2007 or 2010 proxy statements are time-barred. *See Dekalb Cnty Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 409-10 (2d Cir. 2016). And finally, Plaintiff lacks standing to assert claims for any acts that pre-date June 12, 2014 – the date she allegedly became a shareholder. *See* BCL § 626(b).

Defendants plans to raise these and potentially other grounds for dismissal in their motion to dismiss. Defendants look forward to the opportunity to discuss their intended motion in greater detail and to answer any questions the Court may have.

Respectfully,

*/s/ Jay B. Kasner*

Jay B. Kasner

cc: A. Arnold Gershon (by ECF/email)

---

[4] Plaintiff's complaint seeks "[a]n accounting and disgorgement," "[a] judgment for damages to Flowserve against all the other Defendants," and an "order rescinding the 2015 and 2016 awards under Flowserve's compensation" (*See* Compl. [ECF Dkt. No. 1] at 14-15).

[5] 2015 Proxy at 34 ("[t]he O&C Committee retains discretion to establish executive compensation arrangements . . . even if those arrangements are not fully deductible under Section 162(m).").

[6] *See* 2014 10-K filed 2/17/2015, at 7.