USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 28, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

SHIVA STEIN,

                    Plaintiff,

- against –

JOHN R. FRIEDERY, *et al.*,

                    Defendants.

------------------------------------------------------------x

16 Civ. 2487 (KPF)

**JUDGMENT AND ORDER**

A hearing (the "Settlement Hearing") was held before this Court (the "Court") on February 28, 2017, pursuant to the Court's Order Preliminarily Approving Settlement and Notice entered on November 28, 2016 (the "Preliminary Approval Order"). The purpose of the Settlement Hearing was to consider whether to grant final approval to a proposed Settlement of this derivative action ( the "Action") in accordance with a Stipulation of Settlement dated as of October 28, 2016 (the "Stipulation") and filed with this Court. [D.I. 23]. The capitalized terms herein have the same definition as they have in the proposed Stipulation of Settlement. The Parties appeared by their counsel of record. An opportunity to be heard has been given to all other persons requesting to be heard on this matter. Unless otherwise defined herein, all capitalized terms have the same meanings as set forth in the Stipulation.

The entire matter of the Settlement having been heard and considered by the Court, THE COURT HEREBY FINDS, CONCLUDES, ADJUDGES, AND ORDERS that:

    1.    The Court has jurisdiction over the Action.

    2.    This Action has been properly maintained as an individual direct action on Plaintiff's behalf and a derivative action on behalf of Defendant Flowserve Corporation

("Flowserve") and its shareholders, and Plaintiff and Plaintiff's Counsel have at all times adequately represented the interests of Flowserve with respect to the Action and the claims asserted therein.

3. Flowserve has filed declarations attesting that notice was given as ordered by the Court in its Preliminary Approval Order. Specifically, on or before December 9, 2016, Flowserve provided notice of the proposed Settlement by: (a) posting the Stipulation and the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Notice") on Flowserve's internet website; and (b) publishing the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, and Settlement Hearing (the "Summary Notice") once in the national newswire service PR Newswire.

4. The form, content, and manner of transmission of notice of the Settlement was adequate and reasonable, constituted the best notice practicable under the circumstances, was due and sufficient notice of all matters related to the Settlement to persons entitled to receive such notice, and fully satisfied the requirements of due process and of Federal Rule of Civil Procedure 23.1.

5. A full opportunity to be heard about the Stipulation, the Settlement, and the Fee and Expense Petition has been afforded to all Parties, to Flowserve's shareholders, and to all persons having an interest in this Action.

6. The Settlement is hereby approved and confirmed as being fair, reasonable, adequate, and in the best interests of Flowserve and its shareholders. The Settlement is the product of good faith, arm's-length negotiations between the Parties and their respective

2

counsel. Accordingly, the Parties are directed to consummate the Settlement in accordance with its provisions, as set forth in the Stipulation.

7. This Action is hereby dismissed on the merits with prejudice as to all Parties, with all Parties to bear their own attorneys' fees and costs except as provided herein and/or in the Stipulation.

8. Defendants and each and all of their respective present or former predecessors, successors, parents, subsidiaries, affiliates, insurers, attorneys, officers, directors, employees, and agents are conclusively deemed to have fully, finally and forever released, relinquished and discharged, and covenanted not to sue on the Plaintiff Released Claims, except for claims relating to the enforcement of the Settlement.

9. Flowserve, Plaintiff (individually and derivatively on behalf of Flowserve), and any other Flowserve shareholder (derivatively on behalf of Flowserve), and each and all of their respective present or former predecessors, successors, parents, subsidiaries, affiliates, insurers, attorneys, officers, directors, employees and agents are conclusively deemed to have fully, finally and forever released, relinquished and discharged, and covenanted not to sue on the Defendant Released Claims, except for claims relating to the enforcement of the Settlement.

10. Notwithstanding anything contained herein to the contrary, including Paragraphs 8 and 9, nothing set forth herein shall affect the rights of any of the Defendants to coverage under any insurance policies or indemnification under any indemnity rights, obligations or arrangements any of the Defendants may have with Flowserve.

11. All of the claims described in Paragraphs 8 and 9 above are hereby extinguished, and the Releasing Persons are hereby deemed to have waived any and all rights, to

the fullest extent permitted by law, under the provisions of Section 1542 of the California Civil Code or any other similar state law, federal law, or principle of common law, which may have the effect of limiting the releases set forth above. Section 1542 of the California Code provides:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

12. The Defendant Releasing Parties are barred and permanently enjoined from instituting, asserting, or prosecuting, either directly, representatively, or in any other capacity, any of the Plaintiff Released Claims.

13. The Plaintiff Releasing Parties are barred and permanently enjoined from instituting, asserting, or prosecuting, either directly, representatively, or in any other capacity, any of the Defendant Released Claims.

14. This Order, the Stipulation, and the Settlement shall not constitute or be construed as a presumption, concession, admission, or inference by Plaintiff that the Complaint lacks merit, or by Flowserve or any of the Individual Defendants of the existence, adequacy, or merit of any breach of duty, liability, fault, or wrongdoing as to any facts or claims alleged in the Action, or that Plaintiff, Flowserve, or any other shareholders of Flowserve have suffered any damages, and provide that none of them, nor any of the negotiations, transactions, or proceedings in connection with the Settlement, shall be deemed, invoked, offered, or received into evidence in any civil, criminal, or administrative action or other proceeding of any nature whatsoever, except as may be necessary to enforce or effectuate the Stipulation and the Judgment.

15. Plaintiff's Counsel is hereby awarded attorneys' fees, and reimbursements of costs and expenses, in the total amount of $ 560,000 in connection with this Action,

which fees, costs, and expenses the Court finds to be fair and reasonable (the "Fee Award"). Flowserve or its insurers is directed to pay the Fee Award to Barrack, Rodos & Bacine by wire transfer within fifteen (15) business days of the date on which this Judgment becomes Final; provided, however, that Plaintiff's Counsel will be obliged to make appropriate refunds or repayments of the Fee Award as provided in the Stipulation if, as a result of any appeal and/or any further proceedings, the amount of the Fee Award is reduced by the Court or other court of competent jurisdiction, or the Stipulation is terminated or cancelled.

16. Without affecting the finality of this Order in any way, jurisdiction is reserved over all matters related to the administration, consummation, and enforcement of the terms of the Stipulation and Settlement.

There being no reason for delay, LET JUDGMENT BE ENTERED ACCORDINGLY. IT IS SO ORDERED.

DATED: February 28, 2017
New York, NY

ENTERED BY ORDER OF THE COURT:

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE